INS, 183 F.3d 1147, 1150 (9th Cir.1999). Upon review of the record, we conclude that the IJ's adverse credibility determination is not supported by substantial evidence. The IJ's determination is based largely on speculation and conjecture and is not supported by the record. *See Bandari v. INS*, 227 F.3d 1160, 1167–68 (9th Cir.2000). The inconsistencies relied upon by the IJ are minor and do not go to the heart of Xu's claim. *See Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002). Moreover, the IJ failed to explain why these discrepancies were significant for Xu's asylum claim. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000).

■ While we generally "give special deference to a credibility determination that is based on demeanor," *Singh–Kaur*, 183 F.3d at 1151, because the IJ did not articulate "specific, cogent reason[s]" for concluding that Xu's demeanor was not credible, this finding cannot support the adverse credibility determination. *See Abovian v. INS*, 219 F.3d 972, 979 (9th Cir.2000).

Accordingly, we remand this matter to the BIA for further proceedings to determine whether, accepting Xu's testimony as credible, he is eligible for asylum, withholding of removal and relief under the Convention. *See INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.

**Wen Qin WANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–72391.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Wen Qin Wang, Los Angeles, CA, pro se.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Michelle E. Gorden, Esq., Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A95–292–025.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM ***

Wen Qin Wang, a native and citizen of the People's Republic of China, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of her application for asylum, withholding of removal, and request for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999), grant the petition for review, and remand for further proceedings.

The IJ's adverse credibility determination is not supported by substantial evidence because it is based on minor omissions, *Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000), and speculation and conjecture, *see Shah v. INS,* 220 F.3d 1062, 1069 (9th Cir.2000); *see also Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990).

Accordingly, we grant the petition for review and remand for further proceedings on the merits of Wang's asylum, withholding or removal, and CAT claims. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.

---

*** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

